UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NADEZHDA P.,

          Plaintiff,

   v.

COMMISSIONER OF SOCIAL SECURITY,

          Defendant.

CASE NO. C25-928-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

On May 16, 2025, Plaintiff filed a *pro se* complaint appealing the Administrative Law Judge's (ALJ) decision finding her not disabled, and urging "law makers and the Social Security Administration to reexamine" its rules regarding the time spent by widows raising children, benefits to surviving spouses who have not raised children, benefits to spouses with no earnings history, and the way retirement and survivor benefits are treated. *See* Complaint at Dkt. 1. On August 18, 2025, Plaintiff filed a "Declaration of Nadezhda [P.] in Support of My Disability Claim," which the Court construes as Plaintiff's opening brief. Dkt. 10.

In her opening brief, Plaintiff contends the ALJ erroneously found her not disabled by failing to give "proper weight" to: (1) her status as a widow and sole caregiver of her children; (2) her work history; (3) her credible testimony; (4) how the lack of medical records is based upon her "personal choice"; (4) her survivor benefits; and (5) the letters in support of disability.

1  Dkt. 10 at 1. In support, Plaintiff alleges she has a long history of working and when she applied
2  for social security disability insurance ("SSDI") on July 9, 2021 she was "completely burnt out
3  and unable to perform any form of consistent full-time work" due to lumbar spine degenerative
4  disc disease, persistent fatigue, difficulty concentrating and remembering; exhaustion after
5  minimal activity; limitations in completing daily tasks; and emotional distress, anxiety and
6  depression. *Id.* at 2. Plaintiff also submits her symptoms and limitations are not documented by
7  medical doctors due to "deeply held personal and religious beliefs," and "because of previous
8  experience with doctors." *Id.* at 3.

9      For the reasons below, the Court **REVERSES** the Commissioner's final decision and
10 **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. §
11 405(g).

## BACKGROUND

13     On July 9, 2021, Plaintiff applied for Title II, Disability Insurance Benefits, alleging
14 disability as of that date. Tr. 19. After Plaintiff's application was denied initially and on
15 reconsideration, the ALJ conducted a hearing on February 8, 2024. On May 1, 2024, the ALJ
16 issued a decision finding Plaintiff not disabled. Utilizing the five-step disability evaluation
17 process, the ALJ made the following findings:

> **Step one:** Plaintiff meets the insured status requirements through June 30, 2026 and has not engaged in substantial gainful activity since July 9, 2021.
>
> **Step two:** Plaintiff has the following severe impairments: lumbar spine degenerative disc disease. The ALJ also noted Plaintiff has non-severe impairments including "non-cardiac chest pain of uncertain etiology"; body mass which classifies Plaintiff as obese; hyperlordosis and osteoarthritis in the cervical region; sinus bradycardia, thoracic spine scoliosis, diffuse joint paint and claimed but undiagnosed fibromyalgia; medically determinable post-traumatic stress disorder (PTSD), major depressive disorder, and non-medically determinable minor neurocognitive disorder.
>
> **Step three:** These impairments do not meet or equal the requirements of a listed

impairment.

**Residual Functional Capacity:** Plaintiff can perform light work, except she can only occasionally climb ladders, ropes, scaffolds and crawl, and she is limited to occasional exposure to vibration and extreme cold.

**Step four:** Plaintiff can perform past relevant work as an eligibility and occupancy interviewer and is therefore not disabled.

*See* ALJ decision Tr. 19-31. On March 11, 2025, the Appeals Council denied Plaintiff's request for review making the ALJ's decision the Commissioner's final decision. Tr. 2.

## DISCUSSION

The Court may reverse the ALJ's decision only if it is not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The Court cannot reverse the ALJ's decision on account of an error that is harmless. *Id.* at 1111. The interpretation of evidence of record is often in dispute when a claimant seeks review of an ALJ's decision. Where the evidence is susceptible to more than one rational interpretation, the Court is required to uphold the Commissioner's interpretation. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Where a disability claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, absent evidence of malingering, the ALJ must provide "'specific, clear and convincing reasons for' rejecting the claimant's testimony regarding the severity" of the symptoms. *Treichler v. Comm'r Soc. Sec. Admin.*, 775 F.3d 1090, 1102 (9th Cir. 2014) (citation omitted).

Because Plaintiff is not represented by counsel and proceeds *pro se*, the Court liberally construes Plaintiff's complaint and briefing in this matter. *See e.g. Lockhart v. U.S.* 376 F.3d 1027, (9th Cir. 2004) ("We construe Lockhart's pleading liberally"); *Horrod v. Comm'r Soc. Sec. Admin.*, No. 6:15-cv-00698-HZ, 2015 WL 9308263, at *2 (D. Or. Dec. 21, 2015) (district

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 3

1 court has "a duty to liberally construe" a Social Security claimant's "pro se brief[s]" (citing *Erickson v. Pardus,* 551 U.S. 89, 94 2007)). However, in liberally interpreting a *pro se* complaint, this Court cannot "supply essential elements of [claims] that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

Here, Plaintiff's contentions revolve around errors that fall into three categories. First, Plaintiff argues in her opening brief she is "completely burnt out and unable to perform any form of consistent full-time work" due to lumbar spine degenerative disc disease, persistent fatigue, difficulty concentrating and remembering; exhaustion after minimal activity; limitations in completing daily tasks; and emotional distress, anxiety and depression. *Id.* at 2. This contention flows from Plaintiff's testimony and thus argues the ALJ erroneously discounted Plaintiff's testimony about the severity of her limitations.

Next, Plaintiff contends the record contains letters in support of disability. This contention flows from the written statements of lay witnesses and thus argues the ALJ erroneously discounted the lay witness statements about the severity of Plaintiff's limitations.

And lastly, Plaintiff mentions the lack of medical documentation supporting her claims she is disabled. This contention indicates the ALJ erroneously discounted the testimony of Plaintiff and the lay witnesses as unsupported by or inconsistent with the medical record.

With these contentions in mind, the Court addresses the ALJ's decision and the arguments the Commissioner presents in their response brief.

### A. Plaintiff's Testimony

The ALJ's decision notes Plaintiff indicated she retired from her employment in July 2021 due to mental health and physical issues including horrible pain in her legs that continued despite home remedies and visits with a chiropractor and a "bone surgeon." Tr. 25. While

Plaintiff indicates she has begun to feel better physically, she indicates her mental health has not improved and she feels like sleeping, her heart races and she is depressed and anxious. Plaintiff indicates she did not seek mental health treatment and instead relies on prayer and a "higher power." Tr. 26. Plaintiff has been widowed since 1999, has three children and has lived alone since September 2024 when her son moved out of her home. The ALJ noted Plaintiff can dust, do laundry and some basic cooking, and drive to church and to shop, and she sometimes picks up her grandchildren from school but does not handle their care. *Id.*

The ALJ determined Plaintiff's medically determinable impairments could reasonably be expected to cause her alleged symptoms but Plaintiff's testimony about the intensity, persistence and limitations of her symptoms are not "entirely consistent with the medical evidence and other evidence in the record." Tr. 26.

In support of this determination, the ALJ first noted after Plaintiff was in an auto accident in October 2021, she sought medical treatment for pain in her upper and lower back and her neck, and the treatment record for her condition does not support Plaintiff's statements about the severity of her limitations. *Id.* Citing Exhibit 3F3, the ALJ noted Plaintiff's pain improved with treatment from a chiropractor. Exhibit 3 is a physical evaluation ordered by the Division of Disability Determination and performed in March 2022 by ARNP Lucas. Tr. 432. This evaluation indicates Plaintiff has had leg pain for ten years which worsened after Plaintiff's October 2021 auto accident and Plaintiff now has pulling pain, she wakes up frequently due to pain which ranges from 9/10 in the morning to 4 and 5/10 later in the day. Plaintiff reported the pain is constant and she has not been able to find relief, and that while her leg pain continues, her back pain has improved. Tr. 434. The ARNP also noted Plaintiff's chest pain and pain related to fibromyalgia, and that on examination Plaintiff was ataxic, had slowed ambulatory mannerisms,

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 5

had difficulty walking tandem, was significantly unsteady and unbalanced, had positive knee pain on straight leg raise, and positive pain the hamstrings; and had 1/5 motor strength in both upper and lower extremities.

The ARNP's diagnosis and prognosis was guarded. The ARNP deferred findings on concentration; found osteoarthritis of bilateral knees with coexisting fibromyalgia with guarded prognosis pending evaluation and treatment; found lumbar and cervical degenerative disc disease with coexisting fibromyalgia with guarded prognosis pending evaluation and treatment and fibromyalgia and chest pain with guarded prognosis pending evaluation and treatment.

The ALJ's decision focuses solely on the ARNP's notation Plaintiff had improved back pain but does not address the ARNP's findings regarding Plaintiff's persistent and constant lower extremity pain and limitations, which tend to support Plaintiff's claims, or how Plaintiff's prognosis was guarded and dependent on further evaluation and treatment. The Court accordingly finds Exhibit 3 is not substantial evidence that undercuts Plaintiff's testimony regarding the severity of her lower extremity pain.

The ALJ also cited Exhibit 8 as medical evidence contradicting Plaintiff's testimony. The ALJ found imaging studies contained in Exhibit 8 showed degenerative changes described as mild to moderate lumbar spondylosis with no nerve root impingement, no AP subluxation with flexion and extension, and L4-5 foraminal high T2 signal intensity annular fissure. The ALJ erred by failing to explain how or why the imaging studies contradict or undermine Plaintiff's testimony. Exhibit 8, itself, contains no narrative explanation as to whether these findings support or contradict Plaintiff's statements about her physical limitations including pain, and there are no medical reports that reference the imaging studies or discuss what they mean. The ALJ accordingly erred. *See e.g. Willyard v. Colvin*, 633 Fed. Appx. 369, 370 (9th Cir. 2015)

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 6

1  (ALJ erred in discounting claimant's testimony by finding no evidence of stenosis, herniation or
2  compression with explaining why these conditions are necessary to account for claimant's pain).
3      Second, the ALJ discounted Plaintiff's testimony as inconsistent with the treatment she
4  received. The ALJ found Dr. Eby examined Plaintiff three months after her October auto
5  accident and recommended conservative treatment of chiropractic visits, massage and physical
6  therapy, and that Plaintiff responded well to chiropractic therapy. The ALJ concluded Plaintiff's
7  minimal treatment do not support her claim she has disabling physical conditions.
8      Dr. Eby found Plaintiff had a positive "Soto-Hall" test result which the doctor stated,
9  "indicates that Ms. [P] has a severe subluxation, exostoses, disc lesion, sprain or vertebral
10 fracture," and a positive "O'Donoghue Maneuver" indicating left and right ligamentous sprains
11 and muscular strains." Tr. 476. The doctor also performed several other tests indicating Plaintiff
12 has "nerve root encroachment" muscular strain of the left and right cervical paraspinal
13 musculature, mechanical lumbar sacral involvement, right lumbar parascapular inflammation and
14 right unilateral forward displacement of Plaintiff's illia on her sacrum. Tr. 476-77. Dr. Eby
15 further noted moderate spasms in Plaintiff's cervical musculature, mid thoracics and lower back.
16 Tr. 477.
17     As for treatment, Dr. Eby indicated Plaintiff's condition "involves soft tissue which
18 includes fascia, muscles and ligaments" and treatment for this condition involves chiropractic
19 care, moist heat and massage therapy, and therapeutic exercises. The ALJ did not discuss Dr.
20 Eby's findings as to the severity of her medical condition, whether Dr. Eby's findings were
21 consistent or inconsistent with Plaintiff's testimony, why Dr. Eby's prescribed treatment plan
22 was inconsistent with his findings, or the severity of Plaintiff's pain complaints, or whether there
23 was any other treatment that could have been prescribed. The Court further notes that despite the

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 7

treatment Dr. Eby prescribed, Plaintiff testified at the hearing the ALJ held that she continues to suffer from lower extremity pain. Hence, the Court finds that treatment, which did not cure or greatly reduce the severity of Plaintiff's symptoms, is not substantial evidence that undercuts her testimony. The ALJ accordingly erred in simply discounting Plaintiff's testimony based upon the conclusory statement that Plaintiff received a minimal treatment plan from Dr. Eby.

Third, the ALJ found Plaintiff's performance during her physical examinations do not "corroborate her allegations." *Id.* The ALJ found the record showed in November 2020, Plaintiff had good range of motion, no tenderness and normal motor function. Plaintiff has not claimed she was disabled before July 2021 and thus the evidence from 2020 is not substantial evidence that contradicts her testimony.

The ALJ also found that three months after her auto accidents, Plaintiff had some tenderness and limited range of motion, some pain but normal neurologic and strength test results; that in March 2022 she was ataxic, had slowed ambulatory mannerisms, could rise from a chair, had difficulty with tandem walking, was significantly unbalanced and unsteady, had pain in knees but had no muscle spasms or joint deformity, had 1/5 upper and lower motor strength with reduced neck and back range of motion, and had positive trigger points in the knees, elbow and chest. Tr. 27. The ALJ concluded these examination findings "suggest she is more capable than alleged."

The ALJ's finding is based upon Exhibit 3. As discussed above, the ALJ did not discuss how the ARNP's diagnosis and prognosis was guarded and did not address the ARNP's findings regarding Plaintiff's persistent lower extremity pain and limitations, which tend to support Plaintiff's claims. The Court accordingly finds substantial evidence does not support the ALJ's finding the ARNP's examination undercuts Plaintiff's testimony.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 8

And lastly, the ALJ found Plaintiff's testimony was inconsistent with the longitudinal record. In specific, the ALJ found Plaintiff's explanation she did not avail herself of mental health treatment because she does not rely upon modern medicine, is inconsistent with the medical treatment she sought and obtained for her physical problems. Tr. 27. Substantial evidence does not support this determination. Plaintiff testified she did not seek mental health treatment because she was "seeking help from Heavenly Father." Tr. 77. The ALJ indicated to Plaintiff the Heavenly Father "doesn't give out medication" but that he, the ALJ, "understand[s] spirituality," Tr. 78, and that "some people regard it [mental health problems] as a badge of dishonor almost that they have to seek help," and that the ALJ "wish[ed] folks would seek out help." Tr. 79.

The record shows Plaintiff had a specific reason she did not seek mental health treatment. As she stated to the ALJ, she sought to address her mental health problems with "help from Heavenly Father." While the ALJ noted the Heavenly Father does not provide medications, he also indicated he understood Plaintiff's rationale, i.e., he understands "spirituality" as the basis for treatment a person might seek. As the ALJ may not find a claimant's symptom testimony as inconsistent with the evidence in the record without considering the reasons the claimants did not comply with or seek treatment, the ALJ erred. *See* SSR 16-3p, 2016 WL 1119029 at *8.

The ALJ also found Plaintiff's testimony she could barely get out of a tub was not consistent with her function report in which she indicated she could walk a mile before needing rest. *Id.* However, in this function report, Plaintiff stated she can walk "about a mile-breathing problem few minutes rest to grasp the air." Tr. 333. Substantial evidence does not support the ALJ's finding, which on its face indicates Plaintiff has no problems walking a mile. Plaintiff's function report paints a different picture. Additionally, the ALJ made no findings that establish a

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 9

connection between getting out of tub and walking, which are two different activities and functions.

Additionally, the ALJ found while Plaintiff indicated she has had pain symptoms for 10 years, she was nonetheless able to work during that time period. However, the ALJ noted Plaintiff indicated her pain worsened after her auto accident, hence the lower pain level she suffered during the time that she worked is not dispositive of the pain she suffers during the period she claims disability. The ALJ also indicated Plaintiff's pain after her auto accident was moderate at a 4 to 5 level and that she could drive herself to medical appointment all of which suggest her claims of disabling pain following the auto accident are unsupported. Substantial evidence does not support this finding. The ALJ's finding is based upon the ARPN's evaluation, above, and that evaluation noted Plaintiff has constant pain severe enough to wake Plaintiff up at night and that her pain ranges from 9/10 in the morning to 4 and 5/10 later in the day. Additionally, Plaintiff never claimed she could not drive and there is no indication she is able to drive for long distances or lengthy periods of time. Rather, as Plaintiff stated at the hearing before the ALJ, she does not drive often and when she does, she drives to church or to shop. Tr. 82. Accordingly, substantial evidence thus does not support the ALJ's finding.

The Court notes while the ALJ discussed Plaintiff's testimony regarding her physical limitations, the ALJ in discussing Plaintiff's testimony, did not provide clear and convincing reasons to discount her testimony about her mental limitations, although Plaintiff indicated at the hearing she stopped working because she "got to the edge" due to mental health problems and physical problems, Tr. 69-70, the ALJ noted in applying for benefits Plaintiff indicated she had problems with concentration, anxiety, emotional distress, Tr. 25, and the ALJ stated at the hearing that he was "looking at things in combo physical and mental." Tr. 79.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 10

The ALJ found Plaintiff has medically determinable mental health conditions, Tr. 24, but appears to have not considered these conditions in combination with her severe physical impairments. *See* Tr. 26.

In sum, the Court finds the ALJ erred in discounting Plaintiff's testimony and must reassess her testimony on remand.

### B.     Lay Testimony

The ALJ's decision indicates the ALJ considered the statements of Plaintiff's children Andrew P. and Alina S. and the notes of the state agency interviewer and concluded "for the reasons discussed in this decision the residual functional capacity accommodates the claimant's symptoms and impairments." Tr. 30. This is a deficient rational. Lay testimony is relevant evidence that the ALJ should consider in determining disability. As noted above the ALJ erred in discounting Plaintiff's statements about her physical limitations and failed to discuss any of her mental health limitations. Thus, the ALJ's treatment of Plaintiff's testimony is not a basis to discount the lay testimony. A residual functional capacity determination is a finding that is the culmination or conclusion of Plaintiff's assessed ability to perform gainful work activity. It is, however, not evidence of record as to a claimant's ability to perform significant gainful work activity, and thus it is error for an ALJ to deem the residual functional capacity determination is evidence that undercuts evidence such as lay testimony.

Accordingly, on remand the ALJ shall reassess the lay testimony.

### C.     Other Requests

In her complaint Plaintiff urges "law makers and the Social Security Administration to reexamine" its rules regarding the time spent by widows raising children, benefits to surviving spouses who have not raised children, benefits to spouses with no earnings history, and the way

retirement and survivor benefits are treated. The concerns that Plaintiff raises in this regard fall outside the Court's jurisdiction because federal courts cannot assume jurisdiction over controversies concerning the interpretation of the entitlement provisions of the social security act. *See Briggs v. Sullivan,* 886 F.2d 1132, 1138 (9th Cir. 1989). Additionally, Plaintiff filed this action seeking review of the ALJ's denial of her disability claim. The social security act allows the Court to only review the "final decision" of the Commissioner of Social Security, which is the ALJ's decision in this case, and specifically bars the Court from providing recovery on any other claim arising under the social security act. *See* 42 U.S.C. §§ 405(g), (h); *see also Ass'n of Am. Med. Colls. v. United States*, 217 F.3d 770, 779 (9th Cir. 2000) (holding § 405(h) "is a complete bar to federal question jurisdiction) (quotation omitted). Thus, the limited waiver of sovereign immunity of the United States which is designated by the social security act means the court lacks subject matter jurisdiction over any of Plaintiff's concerns regarding something other than judicial review of the ALJ's decision as provided by 42 U.S.C. § 405(g).

## CONCLUSION

For the reasons above, the Court finds the ALJ erred in discounting the testimony of Plaintiff and the lay witnesses. The Court accordingly **REVERSES** the Commissioner's final decision and **REMANDS** the case for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reassess the testimony of Plaintiff and the lay witnesses, develop the record and redetermine residual functional capacity as necessary and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 1st day of October, 2025.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge